UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D. DONALDSON,<br><br>           Petitioner,<br><br>      v.<br><br>M.E. SPEARMAN,<br><br>           Respondent. | Case No. EDCV 15-1932 RGK(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |

On September 8, 2015, petitioner signed and is deemed to have constructively filed[1] a Petition for Writ of Habeas Corpus by Person in State Custody ("Petition"), which was formally filed on September 21, 2015.[2] The Petition challenges petitioner's March 2010 conviction in San Bernardino County Superior Court. (Petition at 2). Petitioner challenges the trial court's failure sua sponte to give a jury instruction on voluntary manslaughter/heat of passion

---

[1] See Houston v. Lack, 487 U.S. 266, 276, (1988).

[2] Attached to the Petition are exhibits consisting of (1) the California Supreme Court's March 14, 2012 denial of petitioner's petition for review (Petition Ex. A1); (2) the last page of the California Court of Appeal's decision on direct appeal (Petition Ex. A2); and (3) the San Bernardino County Superior Court's October 25, 2012 order denying petitioner's petition for writ of habeas corpus as untimely (Petition Ex. A3).

1

(Ground One) and claims that the trial court had a duty to give such an instruction because there was substantial evidence to support such a lesser charge (Ground Two), and that the failure to give such an instruction prejudiced him and deprived him of due process (Ground Three). (Petition at 5-6).

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. Petitioner's conviction became final on June 12, 2012, *i.e.*, ninety (90) days after the California Supreme Court denied his petition for review on March 14, 2012 (Petition Ex. A1) – when petitioner's time to file a petition for certiorari with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes ninety-day period within which petitioner can file petition for writ of certiorari in United States Supreme Court, whether or not petitioner actually files such petition). Therefore, the statute of limitations commenced to run on June 13, 2012, and absent tolling, expired on June 12, 2013.

///

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011).  Here, only one day of the statute of limitations period (June 13, 2012) expired between the date his conviction became final (June 12, 2012) and the date he filed his sole state habeas petition in Superior Court (June 14, 2012). (Petition at 3).  Petitioner is not entitled to statutory tolling during the pendency of his state habeas petition because the Superior Court found such petition to be untimely, meaning that it does not constitute a "properly filed" application under Section 2244(d)(2).  See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005) (state law governs whether a pleading filed in state court was "properly filed"; as time limits are filing conditions, petition that is untimely under state law does not trigger statutory tolling under 28 U.S.C. § 2244(d)(2)). Accordingly, absent further tolling, the statute of limitations to file a federal habeas petition expired on June 12, 2013 – more than two years before petitioner constructively filed the instant federal Petition.  Indeed, even assuming petitioner was entitled to statutory tolling during the pendency of his sole state habeas petition – the period of June 14, 2012 to October 25, 2012 (Petition at 3-4; Petition Ex. A3),[3] the statute of limitations, which would have recommenced running on October 26, 2012, would have expired 364 days later on October 24, 2013 – nearly two years before petitioner constructively filed the instant federal Petition.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that:  (1) he has been pursuing

---

[3] Although the Petition recites that the state habeas petition was pending from June 14, 2012 to October 25, 2015 (Petition at 3-4), the copy of the Superior Court order attached to the Petition (Petition Ex. A3), reflects that such petition was denied on October 25, *2012*, not *2015*.

1 his rights diligently; and (2) some extraordinary circumstance stood in his way.
2 Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to
3 demonstrate that he is entitled to equitable tolling.  Miranda v. Castro, 292 F.3d
4 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).  Here, it does not appear
5 from the face of the Petition and supporting documents that petitioner has met
6 such burden.

7 Finally, in rare and extraordinary cases, a plea of actual innocence can serve
8 as a gateway through which a petitioner may pass to overcome the statute of
9 limitations otherwise applicable to federal habeas petitions.  McQuiggin v.
10 Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929,
11 934-37 (9th Cir. 2011) (en banc).  "[A] petitioner does not meet the threshold
12 requirement unless he [or she] persuades the district court that, in light of the new
13 evidence, no juror, acting reasonably, would have voted to find him [or her] guilty
14 beyond a reasonable doubt."  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329
15 (1995).  In order to make a credible claim of actual innocence, a petitioner must
16 "support his allegations of constitutional error with new reliable evidence –
17 whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or
18 critical physical evidence – that was not presented at trial."  Schlup, 513 U.S. at
19 324.  The habeas court then "consider[s] all the evidence, old and new,
20 incriminating and exculpatory, admissible at trial or not."  Lee, 653 F.3d at 938
21 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)).  On
22 this record, the court "must make a 'probabilistic determination about what
23 reasonable, properly instructed jurors would do.'"  House, 547 U.S. at 538
24 (quoting Schlup, 513 U.S. at 329).  Unexplained or unjustified delay in presenting
25 new evidence is a "factor in determining whether actual innocence has been
26 reliably shown."  Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A
27 court may consider how the timing of the submission and the likely credibility of a
28 [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual

innocence].")."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **October 25, 2015**, why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action with prejudice based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's orders, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.

DATED: October 5, 2015

                                              /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE